**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EMIL G. BURAK | |
| Appellant | No. 1079 WDA 2014 |

Appeal from the Judgment of Sentence June 3, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014559-2013

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:  **FILED JANUARY 30, 2015**

Appellant, Emil G. Burak, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his bench trial conviction for summary harassment.[1]  We affirm.

The trial court opinion sets forth the relevant facts and procedural history of this case.  Therefore, we have no need to restate them.[2]

Appellant raises one issue for our review:

WAS THE EVIDENCE INSUFFICIENT TO PROVE SUMMARY HARASSMENT BEYOND A REASONABLE DOUBT WHEN

---

[1] 18 Pa.C.S.A. § 2709(a)(1).

[2] Appellant timely filed a notice of appeal on July 3, 2014.  On August 1, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on August 22, 2014.

[APPELLANT] HAD NO INTENTION TO HARASS, ANNOY, OR ALARM THE VICTIM DURING THIS ISOLATED AND BRIEF DISPUTE?

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Edward J. Borkowski, we conclude Appellant's issue merits no relief. The trial court opinion discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed September 16, 2014, at 3-6) (finding: Appellant engaged in heated discussion with Victim at township meeting; Appellant became increasingly agitated and upset with Victim during discussion, at which time Appellant grabbed Victim's right elbow and upper arm with both hands; Victim told Appellant he was hurting her, but Appellant squeezed and twisted Victim's arm causing Victim immediate pain, discomfort, and alarm; Victim had bruising and lump on her right arm as result of Appellant's actions; Victim called police and sought medical treatment for her injuries; Victim's injuries included numbness in several fingers, and shooting pain and swelling in her elbow; Commonwealth presented evidence that Appellant acted with intent to harass, annoy, or alarm Victim when he grabbed, squeezed, and twisted Victim's arm, which was sufficient to sustain Appellant's summary harassment conviction). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

J-S01036-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/30/2015



ORIGINAL
Criminal Division
Dept. of Court Records
Allegheny County, PA.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,      CRIMINAL DIVISION

APPELLEE,

V.

EMIL G. BURAK,
APPELLANT.

CC 201314559

1079 WDA 2014

**OPINION**

FILED BY:

THE HONORABLE
EDWARD J. BORKOWSKI

COPIES TO:
Jessica Herndon, Esq.
Office of the Public Defender
400 County Office Building
Pittsburgh, PA 15219

Michael W. Streily, Esq.
Office of the District Attorney
401 County Courthouse
436 Grant Street
Pittsburgh, PA 15219

FILED
2014 SEP 16 PM 2:09
DEPT. OF COURT RECORDS
CRIMINAL DIVISION
ALLEGHENY COUNTY PA

(15)

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,      CRIMINAL DIVISION

APPELLEE,

V.                                                                    CC 201314559

EMIL G. BURAK,

APPELLANT.

## OPINION

BORKOWSKI, J.

## PROCEDURAL HISTORY

Appellant, Emil Burak, was charged by criminal information (201314559) with one count of simple assault,[1] and one summary count of harassment.[2]

Appellant proceeded to a nonjury trial on June 3, 2014, at the conclusion of which Appellant was found not guilty of simple assault but found guilty of one count of summary harassment. Appellant was sentenced that same day to ninety days probation.

This timely appeal follows.

---

[1] 18 Pa. C.S. § 2701(a)(1).
[2] The case was reassigned to the Honorable Edward J. Borkowski after the Honorable Randal Todd recused himself.

2

## STATEMENT OF ERRORS ON APPEAL

Appellant raises the following issue on appeal, and it is set forth exactly as Appellant framed it:

a. The evidence was not sufficient to prove beyond a reasonable doubt that Mr. Burak committed Summary Harassment against Claire Bryce. Specifically, the Commonwealth did not prove that Mr. Burak intended to harass, annoy, or alarm Ms. Bryce. Additionally, the Commonwealth did not prove that Mr. Burak followed Ms. Bryce about a public place or that he engaged in a course of conduct that served no legitimate purpose.

## FACTS

Claire Bryce, who was elected to the Board of Commissioners for Elizabeth Township, attended a general meeting on September 16, 2013, regarding the takeover of the Elizabeth Township Sanitary Authority. Appellant attended the meeting as a concerned citizen of Elizabeth Township. (T.T. 6-8).[3] During the open meeting Appellant made it clear through heated discussion that he disagreed with Bryce's position on the issue. (T.T. 8, 31, 62, 77-78).

Following the general meeting, there was a short recess before a closed executive session was to begin. During this recess Appellant and Bryce found each other in close proximity to one another. (T.T. 8, 18, 78). Appellant and Bryce continued their heated discussion about the sanitary authority. Appellant became increasingly agitated and upset at Bryce and grabbed Bryce's right elbow and

---

[3] The designation "T.T." followed by numerals refers to pages of the Non-Jury Trial Transcript, - June 3, 2014.

3

upper arm with both hands. Bryce told Appellant that he was hurting her, and Appellant squeezed and twisted her arm, which caused Bryce immediate pain, discomfort, and alarm. (T.T. 9-10, 25-26, 32, 78-79). Once Appellant released Bryce's arm, Bryce retreated to her desk at the front of the room, and Appellant left the premises. (T.T. 9, 48).

The following day Bryce had a bruise and lump on her right arm where Appellant had grabbed and twisted it. Bryce called the police and subsequently sought medical treatment for her arm. (T.T. 10-11, 20-21). Bryce's injuries sustained by Appellant's assault caused numbness in several fingers, as well as shooting pain and swelling in her elbow. Bryce remained under doctor's care at the time of trial. (T.T. 15-16, 25; see also T.T. 79-82). Appellant was charged as noted hereinabove.

## DISCUSSION

Appellant alleges in his sole claim that the evidence was insufficient to prove beyond a reasonable doubt that Appellant harassed Claire Bryce. This claim is without merit.

The applicable standard of review that applies to sufficiency claims has been stated thusly:

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when reviewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish

4

all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility, and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all the evidence introduced.

*Commonwealth v. Patterson*, 940 A.2d 493, 499 (Pa. Super. 2007) (citations omitted).

Here, Appellant alleges that the Commonwealth failed to prove beyond a reasonable doubt that Appellant intended to annoy, harass, or alarm Bryce.[4] Intent to harass may be inferred from the totality of the circumstances. *Commonwealth v. Cox*, 72 A.3d 719, 721 (Pa. Super. 2013). The evidence presented at trial was

---

[4] Appellant also alleges that the Commonwealth failed to prove that Appellant followed Bryce about a public place or engaged in a course of conduct that served no legitimate purpose. This second argument is moot. Appellant was charged with 18 Pa. C.S. § 2709(a)(1), (2), or (3), but Appellant was convicted under 18 Pa. C.S. § 2709(a)(1). (T.T. 80). These sections are distinct with separate elements which need to be proven beyond a reasonable doubt:

(a) A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:
  (1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same;
  (2) follows the other person in or about a public place or places; [or]
  (3) engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose.

18 Pa. C.S. § 2709(a)(1)-(3).

sufficient to establish that under these circumstances Appellant acted with the intent to harass, annoy or alarm Bryce when he grabbed, squeezed, and twisted her arm. *See Commonwealth v. Blackham*, 909 A.2d 315, 319-320 (Pa. Super. 2006) (evidence sufficient to establish summary harassment where defendant grabbed victim's arm and victim had a bruise the next day).

Appellant's claim is without merit.

## CONCLUSION

Based upon the foregoing, the judgment of sentence imposed by the Trial Court should be affirmed.

By the Court,

DATE: _September 16, 2014_

_____,J.

Edward J. Borkowski

6