J. S71003/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JABBAR ODELL JAMES, | : | No. 1223 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, February 27, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0011806-2012

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND OTT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED FEBRUARY 03, 2016**

Jabbar Odell James appeals from the judgment of sentence entered on

February 27, 2014, following his conviction of theft by unlawful taking.[1]

The trial court provided the following facts:

> On August 8, 2012, Juana Saunders hosted a cookout in her backyard at 216 Amanda Avenue in Mount Oliver Borough, Allegheny County.  Saunders invited approximately thirty people to the party, including Appellant.  Saunders and Appellant had been married for three years as of that date, but were separated and no longer living together in August of 2012.  During the party, Saunders locked her bedroom door because she had approximately three thousand dollars for her son's college tuition, bills, and cookout incidentals in her nightstand. Saunders was the only person with a key to her bedroom, which she used a few times during the party to retrieve money for ice and other items.

---

[1] 18 Pa.C.S.A. § 3921(a).

The cookout ended at approximately 11:00 P.M. Appellant remained at Saunders's house, along with Saunders and her six children. Saunders unlocked her bedroom door, checked on the money in her nightstand, and let Appellant into her bedroom to spend the night while she went downstairs to sleep. Shortly thereafter Saunders returned upstairs, and she and Appellant began to argue. The argument progressed from her bedroom down to the first floor. The argument ended at approximately 5:30 A.M. when Appellant went back upstairs and Saunders fell asleep on the couch.

Saunders woke up at 7:30 A.M. and noticed that Appellant was no longer in her home. She immediately checked on the money in her nightstand and found that it was missing. Saunders called Appellant inquiring about the missing money, to which Appellant responded, "It's not so funny now, is it?" When Saunders stated that she would give Appellant thirty minutes to return the money before calling the police, he did not respond. Saunders subsequently called the police to report the theft.

Appellant was arrested and charged as noted hereinabove. The trial was postponed several times. Prior to one of Appellant's rescheduled trial dates, he attempted to contact Saunders's current paramour, Lakesha Harris, to resolve the case outside of the court system. Appellant sent Harris a Facebook message indicating that he wanted the case to be over and he would compromise about taking the money. Harris and Appellant conversed through their Facebook accounts. At the conclusion of one of the conversations Appellant stated, "I was wrong, but we both done things to each other." Appellant then called Harris at Saunders's home and told her, "Listen, I'm trying to work something out. I want this shit to be over. I'll give her the money. I'll give her half now and half before she go in the courtroom." There was no indication at trial that Appellant ever returned any of the money to Saunders.

J. S71003/15

Trial court opinion, 3/27/15 at 4-6 (footnote and citations omitted).

Following a non-jury trial, appellant was convicted of theft by unlawful taking on November 4, 2013. On November 21, 2013, appellant filed a motion to vacate the verdict on the grounds that defense counsel was not provided with the opportunity to present a closing argument. The trial court granted the motion and on January 2, 2014, found appellant guilty following closing arguments from both defense counsel and the Commonwealth. Appellant was sentenced to two years' probation and ordered to pay $3,000 in restitution by the trial court on February 27, 2014.

On March 7, 2014, appellant filed post-sentence motions which were denied by the trial court on July 10, 2014. Appellant filed a notice of appeal on July 30, 2014. On August 27, 2014, the trial court ordered appellant to produce a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied with the trial court's order, and the trial court has issued an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue on appeal:

> Whether the trial court abused its discretion in not granting [appellant's] Post-Sentence Motion requesting a new trial when the verdict of guilty was contrary to the weight of the evidence?

Appellant's brief at 4.

Our standard of review for determining whether a verdict is compatible with the weight of the evidence is well settled:

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim is a *review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Commonwealth v. Brown*, 648 A.2d 1177, 1189 (Pa. 1994). Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. *Commonwealth v. Farquharson*, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000).

This does not mean that the exercise of discretion by the trial court in granting or denying the motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of

> reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Widmer*, 744 A.2d at 753 (citation omitted).

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis in orginal.)

A fact-finder is free to believe all, part, or none of the evidence presented. *Commonwealth v. Mosley*, 114 A.3d 1072, 1087 (Pa.Super. 2015) (citations omitted). This court cannot assume the task of assessing the credibility of the witnesses or evidence presented at trial, as that task is within the exclusive purview of the fact-finder. *Commonwealth v. Hankerson*, 118 A.3d 415, 420 (Pa.Super. 2015) (citations omitted).

Appellant's weight of the evidence claim is grounded in the theory that the testimony presented by the Commonwealth from Saunders and Harris was "clearly unreliable, fantastic, and inconsistent, both internally and with other, more credible evidence." (Appellant's brief at 10.) The trial court, functioning as the fact-finder in this case, made the following determination of credibility:

> The Trial Court clearly found the Commonwealth witnesses credible, and that the combination of direct and circumstantial evidence presented during the trial established Appellant's guilt beyond a

> reasonable doubt. The Trial Court properly denied the motion for new trial as the verdict was not against the weight of the evidence.

Trial court opinion, 3/27/15 at 7-8 (citations omitted).

As noted by the *Hankerson* court, the fact-finder, and only the fact-finder, may determine credibility. An appellate court cannot, on a weight of the evidence review, replace the fact-finder's determination of credibility with its own determination. *See Commonwealth v. Blackham*, 909 A.2d 315, 320 (Pa.Super. 2006), *appeal denied*, 919 A.2d 954 (Pa. 2007) ("It is not for this Court to overturn the credibility determinations of the fact-finder") (citations omitted). Therefore, we are bound by the trial court's credibility determination. We find that based on its credibility determination at trial, the trial court's denial of appellant's post-sentence motion was not an abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2016

- 6 -