J. S03013/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SHABORN WINSTON, | : | No. 751 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, February 17, 2015,
in the Court of Common Pleas of Lehigh County
Criminal Division at No. CP-39-CR-0004560-2014

BEFORE:  FORD ELLIOTT, P.J.E., OTT AND JENKINS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 03, 2016**

Shaborn Winston appeals from the judgment of sentence of February 17, 2015, following his conviction of the summary offenses of harassment and disorderly conduct.  We affirm.

The trial court, sitting as finder-of-fact in this summary case, made the following findings:

> 1.    Sergeant Kyle Hough, a seventeen-year veteran of the Allentown Police Department, and Officer Michael Lovett, a two-year veteran of the department, were on duty in the evening hours of April 10, 2014.  Both officers were wearing Allentown Police uniforms.  They responded in separate police cars to 618 North Eleventh Street in Allentown, Lehigh County, based upon a call by a neighbor that a woman was screaming at that address.
>
> 2.    When the officers arrived, they heard from their positions outside 618 North Eleventh

Street a woman's loud and shrill screams from inside the building. Based upon their belief that this woman needed urgent help, they entered the Eleventh Street address. This was half of a duplex with a closed apartment door on the first floor and a closed apartment door on the second floor at the top of a staircase. When they entered the building, Sergeant Hough believed that the screaming was coming from the second floor apartment. Both officers ran up the stairs. Sergeant Hough rapped on the second floor door.

3. Appellant, Shaborn Winston, answered Sergeant Hough's knocking and attempted to convince the officers that everything was fine. As this was happening, the officers continued to hear the woman screaming and they realized that the screaming was coming from the first floor apartment. They rushed down the stairs with the appellant following immediately behind them.

4. Officer Lovett knocked on the first floor apartment door which was answered by appellant's father, Kovet Winston. Officer Lovett entered the first floor apartment. As Sergeant Hough attempted to enter the apartment, appellant got around him, pushed and shoved him several times, and repeatedly yelled at him, "Get the f--- out of here." He shouted that the officers had no right to be in the apartment. Sergeant Hough attempted to explain to appellant the urgency of the situation, that he had to assure himself that the female was safe and that, as soon as the officers completed that task, they would leave the building. Appellant ignored this explanation, persisted in shouting profanities, and continued to block Hough's entrance to the apartment.

5.    Appellant did these things to Sergeant Hough to annoy him to the point that he would give up on entering the apartment to check on the woman.

6.    By this point other officers had arrived on the scene. With their help, appellant was removed from the door to the first floor apartment, taken into the hallway and placed in handcuffs. Police then took appellant outside the building. Throughout this time, appellant continued to shout foul statements at the police. Sergeant Hough assisted with the appellant in the hallway and outside the building.

7.    When appellant was on the street in front of 618 North Eleventh Street, he continued to be boisterous and profane by yelling, "F--- you," "Get the f--- away from me," and "Get the f--- off me" to the police. A number of people gathered on Eleventh Street watching what appellant was doing. Appellant intentionally created this disturbance on Eleventh Street and he knew bystanders stopped to watch his unruly behavior with the police and to hear his profane shouting.

8.    The police arrested the appellant for disorderly conduct and placed him inside the patrol car. Once he was placed inside the patrol car, he stopped his profane display.

9.    On entering the apartment, Officer Lovett found a woman that he estimated to be in her late twenties standing in what appeared to be the family room of the first floor apartment. She seemed dazed. Officer Lovett and other officers concluded that she was the woman who was screaming earlier. The woman had no visible injuries. There was no other indication that she was in danger but Officer Lovett observed that the apartment was in disarray with overturned furniture. (The court notes, without a finding of fact, that

> appellant and his father testified that the woman was screaming earlier for the purpose of relieving stress.)

Trial court opinion, 4/2/15 at 2-4.

Following a non-jury trial, on January 26, 2015, appellant was found guilty of one count each of disorderly conduct and harassment, both summary offenses.[1] On February 17, 2015, appellant was sentenced to 7 to 90 days in the county jail on Count 2, harassment, followed by 90 days of probation on Count 1, disorderly conduct. Appellant was to be paroled at the expiration of the 7-day minimum sentence, assuming good behavior.

This timely appeal followed on March 16, 2015. Appellant complied with Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed a Rule 1925(a) opinion.

On appeal, appellant challenges the sufficiency of the evidence to sustain his convictions. No relief is due.

> Our standard when reviewing the sufficiency of the evidence is "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." ***Commonwealth v. May***, 584 Pa. 640, 645-47, 887 A.2d 750, 753 (2005) (citation omitted). We may not weigh the evidence or substitute our judgment for that of the fact-finder. ***Commonwealth v. Smith***, 863 A.2d 1172, 1176 (Pa.Super.2004). Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts

---

[1] 18 Pa.C.S.A. § 5503(a)(1), and 18 Pa.C.S.A. § 2709(a)(1), respectively.

regarding a defendant's guilt "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Id.* When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part, or none of the evidence. *Id.* For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced. *Id.*

*Commonwealth v. Love*, 896 A.2d 1276, 1283 (Pa.Super. 2006), *appeal denied*, 940 A.2d 363 (Pa. 2007).

Section 5503(a)(1) of the Crimes Code provides: "A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) engages in fighting or threatening, or in violent or tumultuous behavior." "Tumultuous" is not defined in Section 5503 or elsewhere in the Crimes Code. Commonly, "tumultuous" is defined as "marked by tumult"; "tending or disposed to cause or incite a tumult"; or "marked by violent or overwhelming turbulence or upheaval." Merriam Webster's Collegiate Dictionary 1272 (10th ed.1996). "Tumult" is relevantly defined as "a disorderly agitation . . . of a crowd usu. with uproar and confusion of voices," or "a violent outburst." *Id.* at 1271-72.

*Id.* at 1285 (footnote omitted).

Sergeant Hough testified that outside the residence, appellant was yelling and screaming obscenities. (Notes of testimony, 1/20/15 at 15-16.) Appellant was yelling, "F you, get the F away from me, get the F off me, that kind of behavior up until he was placed in the patrol car." (*Id.* at 26.) Sergeant Hough testified that the commotion attracted residents out of their homes who were on the sidewalk watching. (*Id.* at 15.) Sergeant Hough

testified that appellant's behavior continued until he was placed in the back of a patrol car:

> I remember a husband and a wife, could have been, I don't know -- they were older, and they had some smaller family members around them and they were standing on the sidewalk just on the east side of the patrol car, and they just had this look of amazement on their face[s].

*Id.* at 25.

Clearly, this evidence was sufficient to find appellant guilty of summary disorderly conduct under Section 5503(a)(1). As the trial court states, "Bystanders watched and listened to appellant's loud, repeated, profane barrages directed at specified individuals, police no less, in this public place." (Trial court opinion, 4/2/15 at 6.) Obviously, the trial court did not believe appellant's testimony that he was not yelling as he was being walked in handcuffs to the police car and remained "completely calm." (Notes of testimony, 1/20/15 at 74, 76.) We agree with the trial court that, at the very least, appellant recklessly created a risk of public inconvenience, annoyance, or alarm by engaging in tumultuous behavior. (Trial court opinion, 4/2/15 at 6.) There is no merit here.

We now turn to appellant's conviction of harassment. Section 2709 of the Crimes Code provides, in relevant part:

> **(a)  Offense defined.--**A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

(1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]

18 Pa.C.S.A. § 2709(a)(1).

Sergeant Hough testified that before he could enter the first floor apartment, appellant began shoving him to prevent his ingress. (Notes of testimony, 1/20/15 at 12.) Sergeant Hough testified that he was unable to enter the residence because appellant "[was] pushing me and yelling profanity at me to get the F out, get the F out over and over again." (**Id.** at 13.) When Sergeant Hough tried to explain that they were there to investigate reports of a woman screaming and appellant needed to calm down, "He kept yelling I had no f-ing right to be in there. He kept shoving me. He kept telling me to f-ing get out, I couldn't come inside." (**Id.** at 14.)

The trial court's determination that appellant intended to harass and annoy Sergeant Hough by pushing, shoving, and insulting him so that he would be dissuaded from checking on the safety of the screaming woman is fully supported by the record. (Trial court opinion, 4/2/15 at 5-6.) The Commonwealth adduced sufficient evidence to support appellant's conviction for harassment. **See Commonwealth v. Blackham**, 909 A.2d 315, 319-320 (Pa.Super. 2006), **appeal denied**, 919 A.2d 954 (Pa. 2007) (evidence sufficient for summary harassment under Section 2709(a)(1) where the

appellant took eight-year-old D.M. by his arm and the back of his neck, and forced him home, leaving bruises on D.M.'s arm).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2016