J-S53010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FLOYD EDWARD PATTERSON | |
| Appellant | No. 1307 MDA 2015 |

Appeal from the Judgment of Sentence June 17, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000903-2014

BEFORE:  BOWES, SHOGAN AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 23, 2016**

Floyd Edward Patterson appeals from the judgment of sentence of fifteen to forty years imprisonment that was imposed after a jury convicted him of aggravated assault, simple assault, recklessly endangering another person, and conspiracy. We affirm.

The following evidence was adduced at trial. On the night of January 11, 2014, Robert Mohler, a homeless man, was sleeping inside a laundromat on Penn Street, Reading. The owner of the laundromat had given Mr. Mohler permission to take shelter in the business due to the cold.  The laundromat and surrounding area were monitored with security cameras.  While Mr. Mohler was asleep, Ana Ferrer-Reyes and Keith Allison entered the laundromat and punched and kicked Mr. Mohler, who remained on the

---

* Former Justice specially assigned to the Superior Court.

ground. As soon as the pair exited the laundromat, Mr. Mohler called 911. The call abruptly ended when Ferrer-Reyes and Allison returned to the laundromat in the company of Appellant and Irich Colon. The four cohorts proceeded to viciously beat Mr. Mohler and also took his cell phone.

Colon testified at trial. She indicated that she encountered Appellant, Ferrer-Reyes, and Allison, all of whom were acquainted with each other, outside of the laundromat and, after Ferrer-Reyes represented that Mr. Mohler had harassed her, the four people decided to assault the victim, by repeatedly kicking and punching him while he was curled up on the floor. Appellant used a wet-floor sign to inflict some blows. The entire attack was captured on a videotape, which was shown to the jury.

When Reading police officers arrived at the scene, Ferrer-Reyes and Allison were still near the laundromat. Reading Police Officer Vincent Leazier saw them talking and then observed Ferrer-Reyes "miming as punching into her hand --- going into an open hand and she was yelling, "Bop, bop, bop[.]" N.T. Trial, 6/15/14, at 64-65. Officer Leazier testified that Ferrer-Reyes said, "I f__ed that n___ up." *Id*. at 65. Officer Leazier stopped the pair and placed Ferrer-Reyes under arrest as she had an open warrant. A search incident to that arrest revealed that she was in possession of Mr. Mohler's cell phone. Allison was also arrested at the scene.

Due to the extent of his injuries, Mr. Mohler was immediately transported to the hospital. The parties read the following stipulation into

the record. Dr. Marc Lewbart was the emergency room physician working for Saint Joseph's Medical Center, where the victim was first transported at 12:30 a.m. on January 12, 2014. Mr. Mohler told Dr. Lewbart that had been "kicked and punched in the chest, arm, face and head." *Id*. at 88. The victim was transferred to Reading Hospital and Medical Center at approximately 2:15 a.m. The emergency room doctor at that facility, Dr. Thomas Geng, Jr., would have testified that, during the attack, Mr. Mohler suffered an acute subdural hematoma on the right cerebral hemisphere of his brain and a small subdural hemorrhage at the left parietal region. Dr. Geng also would have reported that an acute subdural hematoma is a clot of blood that develops between the surface of the brain and the brain's outer covering and that an "acute subdural hematoma is a serious bodily injury." *Id*. at 89.

Immediately after the incident, the laundromat's owner retrieved a tape of the assault from the surveillance cameras surrounding the establishment, and gave it to Reading police, who were unable to identify Appellant and Colon. Police released the surveillance footage to the public and received an anonymous tip that one of the assailants was Appellant. Additionally, after Colon viewed the videotape, she immediately turned herself into police and told them that she was involved in the assault and that the other unidentified person on the videotape was Appellant, whom Colon identified by his street name.

Appellant was arrested, and, on February 14, 2014, Reading Police Sergeant John M. Solecki and Criminal Investigator Aaron Demko conducted an interview. The interview was recorded and that recording was shown to the jury. After he was administered **Miranda** warnings, Appellant repeatedly admitted to punching the victim as well as throwing a garbage can at him. Mr. Mohler died after the incident and did not testify at trial.

Based on this evidence, on June 17, 2015, a jury convicted Appellant of aggravated assault, simple assault, recklessly endangering another person, and conspiracy to commit each of those crimes. On June 17, 2015, Appellant was sentenced to an aggregate term of fifteen to forty years imprisonment[1] as to the aggravated assault and conspiracy to commit aggravated assault convictions. On June 26, 2015, Appellant filed post-sentence motions for a judgment of acquittal, a new trial, and to modify the sentence. The trial court denied those motions, and Appellant filed a timely *pro se* notice of appeal. Thereafter, Appellant was appointed another lawyer, who filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Therein, the following issue was raised, "The verdict was contrary to the sufficiency of the evidence." Concise Statement

---

[1] Appellant had prior convictions for two burglaries, a robbery, a theft, and delivery of heroin, and his prior record score was five. N.T. Sentencing, 6/17/15, at 9, 12.

of Matters Complained of on Appeal, 8/26/15, at 1.  In his brief, Appellant

presents two issues for our review:

A. Whether the evidence presented at trial was insufficient as a matter of law wherein the Commonwealth's evidence presented at trial failed to establish the identification of Appellant?

B. Whether the verdict was against the weight of the evidence wherein the verdict is so contrary to evidence and shocks one's sense of justice where there was no credible testimony as to Appellant's identity?

Appellant's brief at 4.

Appellant first avers that there was insufficient evidence to establish

that he was one of the attackers.  He claims that Colon's report that

Appellant was involved was not credible.  He also suggests that the

recording of his confession "was wrought with errors," which Appellant fails

to delineate, and he challenges the tape's "authenticity and accuracy."

Appellant's brief at 10.  In this context, we employ the following standard of

review:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no

probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, **the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence**.

*Commonwealth v. Roberts*, 133 A.3d 759, 767 (Pa.Super. 2016) (emphasis added) (quoting *Commonwealth v. Brooks*, 7 A.3d 852, 856–57 (Pa.Super. 2010)).

As the above language demonstrates, the jury was free to credit Colon's identification of Appellant as one of the people involved in the attack. Additionally, the jury viewed the videotape and was able to assess whether her identification of Appellant was believable. Finally, Appellant failed to challenge at trial the admission of the recording of his confession. When the compact disc depicting the interview was introduced into evidence, Appellant said that he had, "No objection." N.T. Trial, 6/15/14, at 94. He did not argue that there were flaws in the recording nor did he question its authenticity or accuracy.[2] The recording of the confession, having been

_____

[2] Appellant suggests in his brief that the entire recording system in the police station was replaced as defective. However, the record indicates that the camera and audio system was the same, but the recording device was substituted for a different one "because we had those one-second blurps
*(Footnote Continued Next Page)*

- 6 -

admitted into evidence without objection, must therefore be credited by this Court under the applicable standard of review. The confession also constituted sufficient evidence to identify Appellant as being involved in the attack on Mr. Mohler. We therefore reject Appellant's sufficiency challenge.

Appellant's second allegation is that there was no credible evidence as to Appellant's identity, rendering his convictions against the weight of the evidence. When we review a challenge to the weight of the evidence, we examine the trial court's exercise of discretion in resolving the claim rather than the underlying question itself. *Commonwealth v. Leatherby*, 116 A.3d 73, 82 (Pa.Super. 2015) (citation omitted). This form of review is necessitated by the fact that the trial judge heard and saw the evidence presented. *Id*. Indeed, "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id*. Only when the verdict is "so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail," will a new trial be warranted. *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014).

_(Footnote Continued)_ _____

that happened a couple times." N.T. Trial, 6/15/14, at 103. There was no indication that the recording was inaccurate due to the few one-second delays in the flow of the recording.

In connection with Appellant's claim, we apply the following pertinent principle: "The finder of fact—here, the jury—exclusively weighs the evidence, assesses the credibility of witnesses, and may choose to believe all, part, or none of the evidence." **Commonwealth v. Sanchez**, 36 A.3d 24, 39 (Pa. 2011) (citation omitted); **see also Commonwealth v. Page**, 59 A.3d 1118, 1130 (Pa.Super. 2013) ("A determination of credibility lies solely within the province of the factfinder."); **Commonwealth v. Blackham**, 909 A.2d 315, 320 (Pa.Super. 2006) ("It is not for this Court to overturn the credibility determinations of the fact-finder."). Thus, we are not permitted to conclude that Colon was not believable when she testified that Appellant took part in the assault.

In the instant case, the trial court addressed Appellant's weight claim. It concluded that the Commonwealth put forth ample evidence at trial to prove that Appellant took part in the beating of Mr. Mohler. Trial Court Opinion, 9/30/15, at 7. This evidence included the recording of Appellant's confession, Colon's identification of Appellant as one of the assailants, and the surveillance videotape capturing the assault. We can discern no abuse of discretion on the part of the trial court in concluding the verdict was not against the weight of the evidence.

Judgment of sentence affirmed.

Justice Fitzgerald Joins the Memorandum.

Judge Shogan concurs in the result.


Judgment Entered.

_Joseph D. Seletyn_ (signature)

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/23/2016