J-S01019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WAYNE ALLEN GRAY, JR. | : | |
| | : | |
| Appellant | : | No. 1274 MDA 2023 |

Appeal from the Order Entered September 6, 2023
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001620-2018

BEFORE:   PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: APRIL 2, 2024**

Wayne Allen Gray, Jr. appeals following a hearing on remand from this Court to determine whether one of the witnesses in his criminal trial had an undisclosed deal with the prosecution. ***See Commonwealth v. Gray***, 787 MDA 2022, 2023 WL 2581859 (Pa. Super. 2023) (nonprecedential) (remanding for evidentiary hearing).  The trial court found that no evidence of a deal existed, denied Gray's request for a new trial, and reinstated his sentence of 21 to 60 years' incarceration.  Because the issue Gray appeals was resolved at the remand hearing, we dismiss his claim of error as moot.

During the first week of April in 2021, Gray stood trial for rape, sexual assault, and aggravated assault with a deadly weapon.[1]  The Victim testified

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S.A. §§ 2702(a)(4), 2718(a)(1), 3121(a)(1), and 3123(a)(1). Because our decision rests on procedural grounds, the facts of those crimes
*(Footnote Continued Next Page)*

to the abuse that Gray inflicted upon her. The Commonwealth told the jury that the Victim had pending, unrelated criminal charges. It then asked her, "Have you been . . . promised anything or paid at all for your testimony here?'" *Id.* at *4.

She replied, "No." *Id.*

The jury convicted Gray, and the trial court sentenced him.

Then, on May 27, 2021, the Victim entered a guilty plea to her crimes. The attorney who prosecuted Gray also prosecuted the Victim. Gray obtained a transcript of the Victim's plea colloquy, which showed that the Commonwealth "amended Victim's felony criminal trespass charge to a misdemeanor theft, and amended a felony escape charge to a misdemeanor disorderly conduct." *Id.* Based on that transcript, Gray believed the Commonwealth agreed to reduce the Victim's charges in exchange for her testimony against him.

He filed a post-sentence motion seeking a new trial based on after-discovered evidence of the Victim's supposed, improper motive to testify against him. Gray "cited the prosecutor's statement at the plea that [the] Victim was cooperative and provided testimony against Appellant. The Commonwealth filed a response to the motion, arguing that her testimony was only a factor in the plea bargain." *Id.* The trial court denied Gray's motion

are irrelevant to this appeal. We detailed them in *Commonwealth v. Gray*, 787 MDA 2022, 2023 WL 2581859 at *1-2 (Pa. Super. 2023) (nonprecedential) (quoting Trial Court Opinion, 2/3/22, at 2-6).

- 2 -

without holding an evidentiary hearing to determine whether the Commonwealth and the Victim had actually entered a plea agreement prior to Gray's jury trial. He filed his first, direct appeal to this Court and raised ten issues.

A panel of this Court dismissed nine issues as meritless. Concerning one issue – *i.e.*, "Whether the trial court erred in denying Gray's request for a new trial based upon the Commonwealth's failure to disclose that Victim would receive a plea bargain in consideration of her testimony against [him]" – the panel granted Gray partial relief. *Id.* at *3. (some punctuation omitted). This Court resolved that issue as follows:

> Exculpatory evidence favorable to the accused is not confined to evidence that reflects upon the culpability of the defendant. Exculpatory evidence also includes evidence of an impeachment nature that is material to the case against the accused. [T]he jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying that a defendant's life or liberty may depend . . . When the failure of the prosecution to produce material evidence raises a reasonable probability that the result of the trial would have been different if the evidence had been produced, due process has been violated and a new trial is warranted.

*Commonwealth v. Strong*, 761 A.2d 1167, 1171 (Pa. 2000).

> The trial court did not hold a hearing . . . Instead, the court concluded that [Gray] failed to establish that a plea agreement existed, as the Commonwealth's response cited several explanations for the plea which the trial court credited. The trial court declined to determine whether [Gray] would be entitled to a new trial if a plea deal existed, but expressed skepticism based on the overwhelming evidence of guilt . . . the Commonwealth

- 3 -

concedes that a remand for the limited purposes of holding an evidentiary hearing to establish a record may be necessary.

We accept the Commonwealth's willingness to place these matters on the record. While we agree that the evidence of guilt appears to be overwhelming, we recognize that prosecutors "have a unique role in our criminal justice system." ***See Commonwealth v. Chmiel***, 173 A.3d 617, 631 (Pa. 2017) (Donohue, J., concurring). The Commonwealth is required to seek justice, not win cases. We are not inclined to simply conclude that any such deal, if it existed, was ultimately irrelevant. Indeed, the Commonwealth concedes that a limited remand is warranted. We therefore find that the trial court abused its discretion in concluding that no plea agreement existed without sufficient record support.

Accordingly, we shall vacate the judgment of sentence and remand for the limited purpose of an evidentiary hearing on this issue. If the court concludes after this hearing that [Gray] has failed to establish that an agreement was in place at the time of trial for a plea bargain in exchange for Victim's testimony, or it concludes that [Gray] cannot establish a reasonable probability that the outcome of trial would have been different if any such agreement existed, then the court shall reimpose the judgment of sentence.

**Id.** at *5 (some punctuation and some citations omitted).

On remand, the trial court conducted an evidentiary hearing on Gray's claim of after-discovered evidence. The Victim's defense attorney, his paralegal, and the assistant district attorney who prosecuted Gray and the Victim testified that there was no plea negotiation or deal based on the Victim's testimony at Gray's trial. ***See*** Trial Court Opinion, 9/6/23, at 2-5. Thus, the trial court found there was no "evidence at all that a plea agreement existed between the Commonwealth and [the Victim] in exchange for her testimony" and a retrial was not warranted. ***Id.*** at 5.

The trial court reinstated its prior judgment of sentence, as this Court had directed. *See Gray*, *supra*, at \*5. This timely appeal followed.

Gray raises one claim of error. He asks, "Whether the trial court erred in denying [Gray's] request for a new trial based upon the Commonwealth's failure to disclose that [the Victim] would receive a plea bargain in consideration of her testimony against [him]?" Gray's Brief at 4. Critically, this is a verbatim reproduction of the issue that Gray raised and that this Court granted a remand to resolve in his prior appeal. *See Gray*, *supra*, at \*3.

We conditionally resolved this issue in the prior appeal and determined that only a factual question remained. As such, this issue is now moot, because the trial court resolved the outstanding factual question on remand.

Courts in this Commonwealth "generally will not decide a moot case because the law requires the existence of an actual controversy . . . ." *Ass'n of Pennsylvania State Coll. & Univ. Facs. v. Pennsylvania Lab. Rels. Bd.*, 8 A.3d 300, 305 (Pa. 2010). A "legal question can become moot on appeal as a result of an intervening change in the facts of the case." *In re Gross*, 382 A.2d 116, 119 (Pa. 1978).

Here, the trial court made a factual finding that the Commonwealth did *not* fail to disclose that the Victim would receive a plea bargain in consideration of her testimony against Gray, because it found that no such agreement existed. Thus, Gray's single appellate issue is premised upon a factual presumption that the trial court rejected on remand. As such, the legal issue that Gray raises on appeal is moot.

In this appeal, Gray attempts to relitigate *de novo* the factual question of whether the Commonwealth and Victim reached a plea agreement prior to Gray's trial. In fact, his appellate brief is a verbatim reproduction of his post-hearing brief to the trial court. **Compare** Gray's Brief in Support of Defendant's Motion for Post-Sentence Relief at 1-4 **and** Gray's Brief at 8-12. In both briefs, Gray argues that the witnesses who testified at the hearing for the Commonwealth were "incredible." Gray's Brief at 11.

"A determination of credibility lies solely within the province of the factfinder." **Commonwealth v. Page**, 59 A.3d 1118, 1130 (Pa. Super. 2013). The fact finder "is free to believe all, part, or none of the evidence, and to assess the credibility of the witnesses . . . ." **Commonwealth v. Blackham**, 909 A.2d 315, 320 (Pa. Super. 2006).

The trial court followed our directions upon remand and made the factual finding that we requested. This Court previously held that Gray would only be entitled to a new trial if "an agreement was in place at the time of trial for a plea bargain in exchange for [the] Victim's testimony . . . ." **Gray**, **supra**, at *5. Because Gray failed to establish that factual precondition for a new trial, we dismiss his sole claim of error as moot.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>04/02/2024</u>