J-S18024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN WILLIAM VANHORN | : | |
| | : | |
| Appellant | : | No. 1265 WDA 2024 |

Appeal from the Judgment of Sentence Entered July 2, 2024
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0003763-2021

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                   **FILED: August 13, 2025**

Appellant Shawn William Vanhorn appeals from the judgment of sentence imposed following his convictions for simple assault and harassment. On appeal, Appellant challenges the weight of the evidence.  We affirm.

The trial court summarized the underlying facts of this matter as follows:

[Appellant] was charged with the following offenses as a result of incidents that occurred in June 2021.

Count 1: Strangulation (F-2), in violation of 18 Pa.C.S. § 2718(a)(1)

Count 2: Simple Assault (M-1), in violation of 18 Pa.C.S § 2701(a)(1)

Count 3: Harassment (S), in violation of 18 Pa.C.S. § 2709(a)(1)

A non-jury trial was held before this court on April 15, 2024. Alyssa Pflum (hereinafter referred to as "Victim") testified that she

---

[*] Former Justice specially assigned to the Superior Court.

and [Appellant] dated and lived together for a period of time in 2020. N.T. Trial at 4-5. Victim was unsure as to exactly when the incident occurred, but did recall the specific incident after reviewing the written statement [she had given] to police. *Id.* at 8-11. Victim described an incident at her home where she and [Appellant] were arguing and "it got physical." *Id.* at 12. [Appellant] slapped her in the face. *Id.*

This court entered a directed verdict at Count 1, but found [Appellant] guilty [on] Counts 2 and 3. This court sentenced [Appellant] on July 2, 2024, to two years of probation at Count 2 (with treatment conditions) and no further sentence at Count 3.

Trial Ct. Op., 10/9/2024, at 1-2 (some formatting altered).

Appellant filed a timely post-sentence motion challenging the weight of the evidence, which the trial court denied. Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claim.

On appeal, Appellant raises the following issue for review:

Whether the [trial] court abused its discretion in denying Appellant's post-sentence motions alleging the trial court improper weighing of the evidence?

Appellant's Brief at 7 (some formatting altered).

Appellant challenges the weight of the evidence supporting his convictions for simple assault and harassment. *Id.* at 10. Specifically, Appellant argues that Victim, who was the sole witness at trial, provided testimony that was "inconsistent, incoherent, and incredible." *Id.* at 11. In support, Appellant asserts that Victim "was unable to recall basic facts relating to the case[,]" including how long she dated Appellant, how long they resided together, and whether she ever contacted the police. *Id.* at 10. He also

- 2 -

argues that Victim was unable to recall the date on which the incident allegedly occurred and was unable to recall making a statement to police until she reviewed it at trial. *Id.* at 10-11. Therefore, Appellant concludes that the trial court erred in denying his post-sentence motion challenging the weight of the evidence. *Id.* at 11.

Initially, we note that in reviewing a challenge to the weight of the evidence, we are governed by the following standard of review:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Windslowe*, 158 A.3d 698, 712 (Pa. Super. 2017) (citations omitted).

> As this Court has repeatedly stated,

> [t]he weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses. Resolving contradictory testimony and questions of credibility are matters for the finder of fact. It is well-settled that we cannot substitute our judgment for that of the trier of fact.

\* \* \*

- 3 -

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

> Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Commonwealth v. Spence*, 290 A.3d 301, 311 (Pa. Super. 2023) (citations omitted and formatting altered); *see also Commonwealth v. Blackham*, 909 A.2d 315, 320 (Pa. Super. 2006) (stating that "[i]t is not for [the appellate court] to overturn the credibility determinations of the fact-finder").

Here, the trial court explained:

> The court, as factfinder, was free to believe any, part, or none of the evidence. The court had the opportunity to observe Victim in the courtroom and as she testified. Throughout her testimony, Victim was hesitant and emotional. Victim appeared to be genuinely fearful of [Appellant] and reluctant to testify, as is the case with many victims of domestic violence. However, after reviewing her written statement to police, Victim did acknowledge that [Appellant] struck her on the date in question. Although this court felt that the Victim was minimizing the incident that had occurred, the court found her testimony to be credible and found that the Commonwealth proved the charges of simple assault and harassment beyond a reasonable doubt. Although [Appellant] obviously disagrees, this verdict was not against the weight of the evidence so as to shock one's sense of justice. This was a credibility determination made by the court.

Trial Ct. Op. at 3-4.

Following our review of the record, we discern no abuse of discretion by the trial court. ***See Windslowe***, 158 A.3d at 712. The trial court expressly credited Victim's testimony concerning the incident that led to Appellant's convictions for harassment and simple assault. ***See*** Trial Ct. Op. at 3. We will not re-weigh that evidence or substitute our judgment for the finder of fact on appeal. ***See Spence***, 290 A.3d at 311; ***Blackham***, 909 A.2d at 320. Therefore, Appellant is not entitled to relief on this claim. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

8/13/2025