J-S02008-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOSE MEDINA | : | |
| Appellant | : | No. 3233 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 15, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006741-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOSE MEDINA | : | |
| Appellant | : | No. 3234 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 15, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006742-2019

BEFORE: NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.: **FILED MAY 12, 2026**

Appellant Jose Medina appeals from the judgment of sentence imposed

following his convictions for persons not to possess firearms under the Uniform

Firearms Act (VUFA) and simple assault[1] at Docket No. 6741-2019.[2]  On appeal, Appellant challenges the weight of the evidence supporting his convictions for VUFA and simple assault.  We affirm.

By way of background, Appellant was charged with VUFA and simple assault based on allegations that he pointed a firearm at the complaining witness, Rafael Rodriguez, at approximately 8:00pm on March 22, 2019.  ***See*** N.T. Trial, 3/10/22, at 11-19.  At trial, Rodriguez testified that he was driving three minor females who he knew from his wife's babysitting job when he saw a group of approximately 18-20 juveniles engaged in a large fight.  ***Id.*** at 12, 14.  Rodriguez stated that one of the female passengers asked him to pull over because she recognized one of the kids involved in the fight.  ***Id.*** at 16.  After Rodriguez stopped his car and attempted to help a "little kid" who was getting hit by "multiple kids, girls and boys."  ***Id.*** at 14.  Rodriguez stated that after he confirmed that the juvenile was okay, the juvenile ran into Appellant's residence.  ***Id.*** at 15.  Shortly thereafter, Rodriguez saw Appellant strike one of the women, who was pregnant, that had been in Rodriguez's car.  ***Id.*** at 15.  Rodriguez stated that Appellant then returned inside of his residence and emerged with a shotgun, which he then pointed directly at Rodriguez.  ***Id.*** at 17-19.  Rodriguez testified that he "yelled 'gun' and everybody just scattered"

_____

[1] 18 Pa.C.S. §§ 6105 and 2701(a), respectively.

[2] We note that Appellant was also convicted of additional charges at Docket No. 6742-2019, but he does not challenge those convictions on appeal.

- 2 -

leaving him "staring at the barrel of the gun." *Id.* at 17, 21. Detective Malinka Bragg testified that although Rodriguez made a police report, Rodriguez ultimately declined to press charges because he believed that the entire altercation was "just kid stuff." *Id.* at 10. Therefore, the police did not execute a search warrant for the alleged firearm. *Id.* at 9-10. Appellant testified that he did not possess a firearm or point it at Rodriguez on the date of the incident. *See* N.T. Trial, 4/5/22, at 19-20.[3]

Ultimately, the trial court found Appellant guilty of VUFA, simple assault, and related charges. On June 15, 2022, the trial court sentenced Appellant to an aggregate term of five to ten years, followed by four years' probation.

Appellant filed a timely post-sentence motion challenging the weight of the evidence for his VUFA and simple assault convictions, which the trial court denied. Appellant subsequently filed a timely notice of appeal.[4]

On appeal, Appellant raises the following issue for review:

_____

[3] We note that Appellant and Rodriguez subsequently engaged in another altercation later that night in which Appellant brandished a baseball bat. *See* N.T. Trial, 3/10/25, at 28-30. This altercation resulted in the convictions at Docket No. 6742-2019, which, as noted previously, Appellant does not challenge on appeal.

[4] We note that initially, Appellant filed a timely *pro se* notice of appeal and trial counsel filed a motion to withdraw from representation. Thereafter, this Court issued an order remanding the matter for the trial court to conduct a hearing pursuant to pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998) and, if necessary, appoint counsel on Appellant's behalf. Ultimately, the trial court appointed new counsel, who filed a Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, (PCRA) petition pursuant to seeking to reinstate Appellant's direct appeal rights *nunc pro tunc*, which the trial court granted.

Whether the verdict of simple assault and VUFA was against the weight of the evidence in the situation where the complainant's testimony that [Appellant] pointed a gun at him was uncorroborated by any other witnesses and was otherwise denied by [Appellant] who testified at trial that while he did swing a baseball bat at the complainant, he did not possess or brandish a weapon at him.

Appellant's Brief at 6.

Appellant argues that the verdict for VUFA and simple assault were against the weight of the evidence because the complaining witness was not credible and that he was the only individual who claimed to see Appellant with a firearm. *Id.* at 25. Appellant also argues that multiple individuals testified that they did not see Appellant with a firearm, including multiple members of Appellant's family. *Id.* at 26.

In reviewing a challenge to the weight of the evidence, we are governed by the following standard of review:

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Windslowe*, 158 A.3d 698, 712 (Pa. Super. 2017) (citations omitted).

- 4 -

As this Court has repeatedly stated,

> [t]he weight of the evidence is exclusively for the finder of fact, who is free to believe all, none, or some of the evidence and to determine the credibility of the witnesses. Resolving contradictory testimony and questions of credibility are matters for the finder of fact. It is well-settled that we cannot substitute our judgment for that of the trier of fact.
>
> * * *
>
> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> Furthermore, in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Commonwealth v. Spence*, 290 A.3d 301, 311 (Pa. Super. 2023) (citations omitted and formatting altered); *see also Commonwealth v. Blackham*, 909 A.2d 315, 320 (Pa. Super. 2006) (stating that "[i]t is not for [the appellate court] to overturn the credibility determinations of the fact-finder" (citation omitted)).

Here, the trial court explained:

> Assessing witness credibility involves evaluating a witness's trustworthiness and reliability, often through examining their testimony, demeanor, and background, and can be challenged through cross-examination and other evidence. In the case at bar, we have a situation where it came down to Judge Perez's decision to believe the complainant over Appellant. As argued by

[A]ppellant, there was no other evidence, whether by video or eyewitness to either dispute or agree with the testimony of the complainant and [A]ppellant. In the case of a waiver trial it is the Judge who is the trier of fact and law. Appellant has provided no evidence to prove he was telling the truth and this court, after reading the notes of testimony from the trial could find no instance where Judge Perez showed any type of prejudice towards [A]ppellant. [Absent] either of these, it was well within Judge Perez's rights to believe the complainant over [A]ppellant. One person was telling the truth, while the other was lying. Absent any hint of evidence or impropriety and having not seen the mannerisms and demeanor of the complainant or [A]ppellant, this court must rely on Judge Perez's conclusions. Thus, this claim fails.

Trial Ct. Op., 4/2/25, at 2-3 (unpaginated, some formatting altered).

Following our review of the record, we discern no abuse of discretion by the trial court. *See Windslowe*, 158 A.3d at 712. While Appellant argues that the jury should have believed his own testimony over the complaining witness, the jury was free to believe all, none, or some of their testimony. *See Spence*, 290 A.3d at 311. Further, the trial judge, sitting as fact-finder, was tasked with determining the credibility of the witnesses and we will not substitute our judgment for the trier of fact. *See id.*; *Blackham*, 909 A.2d at 320. Therefore, Appellant is not entitled to relief on this claim. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>5/12/2026</u>