J-A08038-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN M. GORAL | : | |
| | : | |
| Appellant | : | No. 1105 WDA 2018 |

Appeal from the Judgment of Sentence Entered July 17, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0000840-2018

BEFORE: PANELLA, P.J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                FILED OCTOBER 03, 2019

John M. Goral appeals from the judgment of sentence entered on July 17, 2018 for two summary offenses: stop signs and yield signs, and restraint systems.[1] We affirm.

The Commonwealth presented the following evidence at Goral's bench trial. Officer Christopher Arthur testified that he observed Goral leave a gas station parking lot and proceed onto the street. See N.T., Trial, 7/17/18 at 6. He stated that while he was driving behind Goral's vehicle, he observed that Goral's vehicle "came to the stop sign and quickly decelerated and failed to come to a complete stop at the stop sign. . . ." Id. at 6. When asked by the prosecutor to give more detail about what he observed, Officer Arthur testified that "[the vehicle] did decelerated [sic] very quickly as though the brake was

_____

[1] 75 Pa.C.S.A. §§ 3323(b) and 4581(a)(2)(i), respectively.

being pressed and then released without coming to a complete stop. It looked to me from behind the vehicle that it rolled through the stop sign without coming to a complete stop." Id. at 7.

In his pro se defense, Goral testified that he made a complete stop at the stop sign. Id. at 11. In addition, Goral introduced into evidence his own dashboard camera footage from the night in question. Id. at 3. The trial court, prosecutor, and arresting officer viewed the video. Id. at 3-4, 13.[2] At the conclusion of trial, the court stated that as factfinder, it concluded Goral "rolled" through the stop sign:

> Well, I saw the video and I also believe that you rolled through it. Slowly. But you did roll through it. I find you guilty. You did not stop. . . Your video does not prove that you stopped. It shows me that you rolled through it slowly. I agree you did decelerate. Deceleration is not stopping.

Id. at 14. This timely appeal followed.

On appeal, Goral abandons all issues presented in his Pa.R.A.P. 1925(b) statement, except one. The one issue is a challenge to the sufficiency of the evidence. See Goral's Br. at 6; see also Pa.R.A.P. 1925(b) ¶ I. However, his appellate brief does not include a statement of questions presented, in violation of Rule 2116(a) of the Pennsylvania Rules of Appellate Procedure. See Pa.R.A.P. 2116(a) ("no question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"). We will

_____

[2] The trial court granted Goral's "Petition for Audio/Video Dashcam Evidence Exhibit A and Narrative Exhibit B to be part of the Record on Appeal to the Superior Court of Pennsylvania." Trial Court Opinion, filed 11/14/18, at 1.

not find waiver here because failure to include the statement of questions has not hindered our review.

The Vehicle Code sets forth duties at stop signs as follows: "every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line . . . ." 75 Pa.C.S.A. § 3323(b). The Vehicle Code defines "stop" or "stopping" in relevant part as "when required, means complete cessation from movement." 75 Pa.C.S.A. § 102.

Goral maintains that "[O]fficer Arthur could not know for absolute certainty that [Goral] 'rolled through the stop sign,' or whether or not [Goral] had been wearing a seat belt." Goral's Br. at 6. Much of Goral's brief is disorganized and confusing. However, we glean that Goral is challenging the sufficiency of the evidence. See Goral's Br. at 6 ("The Court of Common Pleas erred in its ability to establish sufficiency of evidence claim").

Although some of the language in Goral's brief suggests that he is challenging the sufficiency of the evidence, his argument in actuality attacks Officer Arthur's credibility. This challenges the weight of the evidence, rather than the sufficiency of the evidence. To the extent he challenges weight, the issue is waived because this claim was not presented to the trial court.

In any event, the evidence was sufficient. A challenge to the sufficiency of the evidence requires us to view the evidence in the light most favorable to the verdict winner, with all reasonable inferences from the evidence in the Commonwealth's favor. Commonwealth v. Sweitzer, 177 A.3d 253, 257 (Pa.Super. 2017). "[O]ur standard of review is de novo and our scope of

review is plenary." Commonwealth v. Giron, 155 A.3d 635, 638 (Pa.Super. 2017) (quoting Commonwealth v. Walls, 144 A.3d 926, 931 (Pa.Super. 2016)). Moreover, we are bound by credibility determinations of the trial court so long as the record supports them. See Commonwealth v. Blackham, 909 A.2d 315, 320 (Pa.Super. 2006) ("It is not for this Court to overturn the credibility determinations of the fact-finder.").

Here, the trial court as fact-finder concluded that the video and the "credible" testimony of Officer Arthur was sufficient evidence to support the conviction. TCO at 2, 4. Officer Arthur testified that Goral "rolled" through the stop sign, which he described as Goral's car decelerating but never making a complete stop. See N.T., at 7. Moreover, when the trial court reviewed the video it concluded that Officer Arthur's testimony was corroborated by the video. The trial court agreed that Goral decelerated but "deceleration is not stopping." Id. at 14.

Upon our review of the video as well as the testimony presented at trial, and viewing the evidence in the light most favorable to the Commonwealth, we conclude that the evidence was sufficient to sustain the conviction. Briefly braking or "decelerating" instead of making a complete stop was sufficient evidence that Goral failed to stop at the stop sign. See Commonwealth v. Ford, 141 A.3d 547, 556 (Pa.Super. 2016) (concluding that video evidence and testimony that defendant slowed down, pressed on break, and continued to drive was sufficient evidence that he failed to stop at stop sign); see also 75 Pa.C.S.A. § 102.

- 4 -

In Ford, the appellant was found guilty of failure to stop at a stop sign and careless driving. Id. at 550. At trial, the Commonwealth presented testimony from two officers who observed Ford's failure to stop. Id. at 551. In addition, the jury and the trial court viewed the dashboard camera footage from the officer's vehicle. Id. at 552. The trial court "observed that [Ford] applied his brakes before the latter stop sign, but nonetheless determined that he did not come to a complete stop." Id. at 556. On appeal, Ford challenged the sufficiency of the evidence to his failure to stop conviction. Upon review of the record as well as the video, this Court concluded that "[Ford] applied his brakes briefly before reaching the stop sign" and that "[Ford] did not bring his car to a complete halt at that sign." Id. Viewing the facts in the light most favorable to the Commonwealth and "based on the trial court's credibility determinations" we concluded that the evidence was sufficient to sustain the conviction. Id.

The present case is very similar to Ford. Here, there was testimony from the officer that he observed Goral fail to stop at the stop sign as well as dashboard camera footage, albeit from Goral's vehicle instead of Officer Arthur's vehicle. The video does show Goral decelerating but as in Ford, Goral "did not bring his car to a complete halt" at the stop sign. Id.; see also 75 Pa.C.S.A. § 102 (stop means "complete cessation from movement").

The Dissent maintains that a review of the dashboard cam "clearly reveals that [Goral's] vehicle came to a complete stop at the intersection in question." Dissenting Memo. at 1-2. Thus, it maintains that "this is one of

those rare cases where a dash cam video, . . . , contradicts the trial court's findings and credibility determinations." Id. at 1. It bases this conclusion on the "sounds [from the video] consistent with [Goral's] pressing the vehicle's breaks to decelerate," the overhead streetlights, and "the reflection of the headlights of [Goral's] vehicle on the parked vehicles[.]" Id. at 6. The Dissent maintains that consistent with Commonwealth v. Griffin, 116 A.3d 1139 (Pa.Super. 2015), here the video evidence is contradictory to Officer Arthur's testimony. Id. at 6.

In Griffin, the officer testified that Griffin was "adjusting his pants" and "looking around" and based on this he believed that Griffin was armed. Id. at 1141. The officer proceeded to conduct a Terry[3] frisk of Griffin and felt a large baggie. Id. The officer testified that he immediately recognized it as contraband but "did manipulate [it] further because the item was so large I wanted to make sure there was nothing else behind that item." Id. Specifically, he wanted to make sure nothing else was in Griffin's pocket such as a small firearm or knife. Id. The officer's dash cam recorded the entire incident. Id. at 1140. In the video, the officer "asked [Griffin] 'What's this?' while squeezing and tugging the pocket." Id. at 1144. The trial court found Griffin guilty of possessing a controlled substance.

On appeal, Griffin challenged the sufficiency of the evidence. Upon review, this Court stated that "[t]his is one of those rare cases where a dash

_____

[3] Terry v. Ohio, 392 U.S. 1 (1968).

cam video, which was made a part of the certified record, can contradict a trial court's factual finding often based on its credibility determinations." Id. at 1143. We reversed the judgment of sentence, concluding that "the officer's testimony at the hearing is not consistent with what was depicted on the video." Id. at 1143. We concluded that contrary to the officer's testimony that it was immediately apparent to him that the baggie was contraband, the video displayed that he became aware that narcotics were in Griffin's pocket after "an unconstitutional squeezing, rubbing, and manipulation." Id. at 1144. Such a disparity between the video and testimony cannot be said here of Officer Arthur's testimony in relation to the dash cam video.

Like the Dissent, we have reviewed the video and in our view, it at best depicts a "rolling stop" and at worst is not decisive on this point. The trial court saw the video, heard the testimony, and weighed all evidence including the sounds on the video and the video's depiction of the movement of Goral's vehicle "vis-à-vis the road and the overhead street lights" and found Goral guilty beyond a reasonable doubt. Respectfully, in concluding otherwise, the Dissent is engaging in improper reweighing of the evidence. Unlike the video in Griffin, the video here does not blatantly contradict the evidence supporting the conviction. "This is not a case where the evidence is so weak and inconclusive that no probability of fact can be drawn from it." Ford, 141 A.3d at 556. We are bound by the credibility determinations of the court when they are supported by the record. Blackham, 909 A.2d at 320. Therefore,

based on our review of the record, in the light most favorable to the Commonwealth, we find no abuse of discretion by the trial court.

Order affirmed.

President Judge Panella joins the Memorandum.

Judge Stabile files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/3/2019